The opinion of the court was delivered by
Tilghman, C. 3.
This is an appeal from a decree of the Orphans’ Court of Cumberland county, on the settlement of the administration account of James Lamberton, the appellant, one of the executors of John Smith, deceased. The exception to the decree is, that the appellant has been wrongfully charged with the sum of one thousand and twenty-five dollars, the price of one third of a house and lot in the borough of Carlisle, sold by virtue of a power in the will of the said John Smith, given to his executors, of whom the appellant was one; and four hundred and thirty dollars and fifty cents, for seven years’ interest on the said price, amounting together to the sum of one thousand, four hundred, and fifty-five dollars and fifty cents. The facts of the case, are as follows. John Smith, the testator, by his last will dated the 2d of February, 1809, directed his executors, James Lamberton, the appellant, and two other persons not concerned in this appeal, to sell his house and lot in Carlisle, and divide the purchase money equally between his son John T. Smith, (the appellee) and his daughter Hannah Hanna, and Sarah Williams. The third part, belonging to his son was to be put out at- interest for his benefit, until he arrived at the age of twenty-one years. On the 16th of December, 1814, the executors entered into articles of agreement •for the sale of the third part belonging to the appellee, to. John Noble, (the son-in-law of the appellant,) who had previously purchased the two-thirds belonging to the testator’s daughters. The price was one thousand and twenty-five dollars, to be paid on the appellee’s arriving at the age of twenty-one, with interest. John Noble,, entered into possession, and made considerable repairs and improvements by "additional buildings, during the first year of his occupancy. At that time, Noble appears to have been in good credit, but in the course of two or three years, he fell into declining circumstances, and removed to the state of Ohio, where he was killed by a stroke of lightning, in the month of August* 1820. He received no conveyance from the executors, so that the *310 legal title of the appellee’s one third, still remains in him. It does not appear that the appellent took any steps to enforce the payment of the interest, although he suffered Noble during his life, and his widow, (the daughter of the appellant,) after his death to retain the possession, and it was in proof that the widow with the appellant’s privity, received the rent, and distrained for it when in arrear. It was in proof likewise, that the house and lot, were levied on and sold under a judgment against John Noble, and are now in possession of one of his brothers who purchased it at the sheriff’s sale. The appellee has tendered a deed to the appellant; conveying to him all his interest in the house and lot, in consequence of the decree of the Orphans’ Court, charging the appellant with the price for which it was sold by the executors to John Noble. It appears then, that the appellant acted with great negligence, in selling this property to his son-in-law, and taking no measures to enforce the payment of interest. Sales by trustees, to near relations are always suspicious, and should be vigilantly watched by courts of justice. There is no reason to suppose, however, that this sale was made at an under value. And considering that the value was considerably increased by repairs and improvements during the first year of the purchasers’ occupancy, the appellant is not without some excuse, for supposing, that by retaining the title, he had good security for the principal at least, if not for the interest. With the interest, considering all circumstances, he ought to be charged, but I should think it rather severe to charge him with the principal. It is notorious, that about the year 1S14, and for a year or two after, the whole country was under a delusion as to the value of real estate. The most prudent were not exempt from it, and it would be doing injustice in the present case, not to consider, that in all probability the price agreed to be paid by Noble, was more than the property was really worth, though not more than it was generally thought to be worth. It has been objected that it would be hard to throw the property on the appellee, when another person is in possession under a sheriff’s sale. But this purchaser from the sheriff, bought no more than John Noble’s interest, which as to this one-third, was no more than an equitable estate; a right to demand a conveyance of the legal estate on payment of one thousand and twenty-five dollars, with interest thereon, according to his contract with John Smith’s executors. There is no reason to suppose that the present possessor would desire to obtain the legal title on those terms, and indeed (he counsel for the appellant has declared, that there shall be no difficulty as to the possession. To make the appellee sure, however, we will withhold our decree, until he is put into possession. That being done, it is our opinion that so much of the decree of the Orphans’ Court should be reversed as charges the appellant with one thousand four hundred and fifty-five dollars and fifty cents, the amount of the purchase money which was to have been paid by John Noble, with *311 seven years interest, and instead thereof the appellant should be charged with nine years and a half’s interest on the said purchase money, amounting to five hundred and eighty-five dollars and twenty-five cents. To this is to be added eighteen dollars and forty-five cents, being five years’ interest on sixty-one dollars and fifty cents, fa year’s interest on the purchase money,) with which we think the appellant should be charged, because it was his duty expressly enjoined by the will of John Smith, to put out the income of the appellee on interest. These several sums make an aggregate'of six hundred and three dollars and seventy cents with which the appellant is to be charged, instead of one thousand four hundred and fifty-five dollars and fifty cents, charged by the decree of the Orphans’ Court. And in all other respects that decree is to be affirmed.